MAX N. TOBIAS, JR., Judge.
hThe precise issue before us is whether Y.F., a juvenile born 27 July 1994, must be given credit for time served in secured custody while being held in the state of Colorado on a juvenile charge that is unrelated to his adjudication for misdemeanor possession of marijuana in Louisiana for which he received a sentence of six months, the maximum sentence the law allows. La. R.S. 40:966 E. We determine concurrently how one computes the actual number of days a juvenile offender may be held in secured custody when the juvenile receives a sentence of six months of secured custody that is interrupted by gaps of custodial confinement.
Y.F. was arrested on 10 March 2010. He was adjudicated delinquent of the charge on 9 April 2010. He remained in continuous secured custody in Louisiana from 10 March until 5 May 2010, when he was released on probation. On 24 June 2010, Y.F. appeared in juvenile court as a runaway from home and arrested on a new marijuana charge; he was remanded to secured custody that day pending the filing of a motion to revoke his probation. When the state dismissed the new | ¡¡charge on 22 July 2010, Y.F. was released from custody that same day. On or about 1 December 2010, the trial court was informed that Y.F. was a runaway and issued a detainer for him. On that same day, Y.F. was arrested in Colorado and remained in secured custody in Colorado until 11 April 2011; however, but for the detainer from Louisiana, Y.F. would have *539 been released from Colorado secured confinement on 24 March 2011. From 11 April 2011 until the present, Y.F. has remained in secured custody in Louisiana.
We find that to calculate the actual number of days within a six-month period to satisfy the requirements of an actual sentence, one calculates the number of days from when the date of adjudication until six months has elapsed. Ergo, for Y.F., one calculates the number of days from 9 April 2010 until 9 October 2010 as a total of 184 days. Cf., La. C.C. art. 3455.[1]
Accordingly, we calculate the number of days that Y.F. has been in custody as follows:
• 10 March through and including 5 May 2010 in Louisiana: 57 days;
• 24 June through and including 22 July 2010 in Louisiana: 29 days;
• 24 March through and including 11 April 2011 in Colorado on the Louisiana detainer: 19 days; and
|s* 12 April 2011 through and including 19 May 2011[2] in Louisiana: 38 days.
Thus, we find that Y.F. has remained in custody 143 days[3] of the 184 days to which he was sentenced.
We do not find that Y.F. is entitled to a credit for time served in Colorado custodial confinement from 1 December 2010 through 24 March 2011 because it relates to a different crime in a different jurisdiction.
We conclude that he is not presently being held in Louisiana related custody for the full six months to which he was originally sentenced.
We therefore deny the relator’s writ application for supervisory relief.
WRIT DENIED.
LOVE, J., Concurs in the Result.
LOMBARD, J., Concurs in the Result.
LOVE, J., Concurs in the Result.
|TI respectfully concur in the result.

. La. C.C. art. 3455, relative to prescription in a civil matter, states:
If the prescriptive period consists of one or more months, prescription accrues upon the expiration of the day of the last month of the period that corresponds with the date of the commencement of prescription, and if there is no corresponding day, prescription accrues upon the expiration of the last day of the period.

. The date of this decision.

. We respectfully disagree with the calculation of days made in the concurring opinion in this same case. State in the Interest of Y.F., 11-0546, unpub. (La.App. 4 Cir. 4/29/11) (Bonin, J., concurring). We do not read La. Ch.C. arts. 900 A and 915 A as mandating inclusion of confinement in a sister state on a charge unrelated to the charge in Louisiana, although reasonable minds could differ on the matter. See La.C.Cr. P. arts. 883 and 883.1. By implication, the trial court's ruling continuing the confinement of Y.F. does not give him credit for time served in Colorado, which is not an abuse of the trial court’s discretion.